**BECKER LLC**
Michael E. Holzapfel, Esq. (031022002)
354 Eisenhower Parkway, Suite 1500
Livingston, New Jersey 07039
(973) 251-8943
meholzapfel@becker.legal
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNIVERSITY SPINE CENTER, on assignment of Felix F., | Civil Case No.: |
| Plaintiff, | |
| v. | |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, | |
| Defendants. | |

**PLEASE TAKE NOTICE** that Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon"), hereby notices removal of this civil action pursuant to 28 U.S.C. §§ 1331, 1441, and § 1446, as well as 5 U.S.C. § 8901 *et seq.*, as amended, in the Office of the Clerk of the United States District Court for the District of New Jersey, from the Superior Court of New Jersey, Law Division, Passaic County, Docket Number PAS-L-2859-17, where it is now pending, to the United States District Court for the District of New Jersey. In support of this Notice of Removal, Horizon states as follows:

**<u>INTRODUCTION</u>**

1. In this lawsuit, Plaintiff, an out-of-network medical provider group, challenges what it contends was an underpayment of benefits for a medical procedure which two Plaintiff-

affiliated physicians performed on a patient identified as "Felix F." ("Participant") on or about October 31, 2016.

2. On the date of service, the Participant had health coverage through the Federal Employees Health Benefits Plan ("FEHBP"), a comprehensive federal program implemented by the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. § 8901, *et seq*.

3. Under the FEHBA, the Office of Personnel Management ("OPM") contracts with qualified carriers who deliver healthcare, via their provider networks, to FEHBP participants. Responsibility and authority for the administration of health benefits rests with OPM, and according to federal law, upon exhaustion of required administrative appeals judicial action must be brought against OPM in federal court. The FEHBA also expressly preempts any state law which relates to the nature, provision, or extent of federal health benefits.

4. Accordingly, Horizon removes this case based on federal question jurisdiction.

## SUMMARY OF FACTS AND ALLEGATIONS

5. Plaintiff commenced this lawsuit on or about August 30, 2017 by filing a Complaint against Horizon in the Superior Court of New Jersey, Law Division, Passaic County. A true and accurate copy of the Complaint is attached hereto as Exhibit A.

6. As described in the Complaint, two physicians affiliated with Plaintiff, an out-of-network provider group, performed a spinal surgery on the Participant, for which Plaintiff claims it expected to be paid a total insurance benefit of $478,555. *Complaint*, ¶¶ 5-7.

7. On the date of service, the Participant (insurance identification number R57713264) was enrolled in the FEHBP, which the Blue Cross Blue Shield Association ("Association") administers through its various licensees, including Horizon.

8. The Complaint and its attached exhibits reflect that the charges associated with the assistant surgeon were denied as not being medically necessary, and the charges associated with the primary surgeon were paid at the allowed rate – approximately $7,000 – under the Participant's federal plan. *Complaint*, ¶¶ 8-14, Exs. C and E.

## BASIS OF FEDERAL QUESTION JURISDICTION

### Statutory Framework

9. The FEHBA "establishes a comprehensive program of health insurance for federal employees." *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 682 (2006).

10. The FEHBA assigns to the OPM broad administrative and rulemaking authority over the program. *See* 5 U.S.C. §§ 8901–8913. The OPM contracts with private insurance carriers to offer a range of healthcare plans. 5 U.S.C. §§ 8902, 8903.

11. Under the FEHBA, OPM is vested with sole authority to contract for the provision of health plans, to determine the benefit structure of each plan, and to promulgate the official description of a plan's terms in a statement of benefits. *See* 5 U.S.C. § 8902(a), (d); 5 U.S.C. § 8907. The statement of benefits is incorporated into the government contract between the OPM and the Association. *See Empire*, 547 U.S. at 684.

12. Under the FEHBA, each contract that the OPM enters must require the carrier "to pay for or provide a health service or supply in an individual case" if OPM "finds that the employee… is entitled thereto under the terms of the contract." 5 U.S.C. § 8902(j). OPM has implemented this provision by establishing a mandatory administrative remedy at the agency for those who believe that the carrier has wrongfully denied benefits. 5 C.F.R. § 890.105; *see also* 5 C.F.R. § 890.107(d)(1). The administrative remedy is to be invoked after exhaustion of all internal appeals with the carrier. 5 C.F.R. § 890.105.

13.     If the OPM finds that the denial by the carrier is incorrect, the carrier is contractually obligated to pay the benefits. 5 U.S.C. § 8902(j). If the OPM upholds the denial of benefits, the enrollee may bring suit against the OPM, and the FEHBA opens the federal courthouse doors to lawsuits against the United States. 5 U.S.C. § 8912; 5 C.F.R. § 890.107.

14.     OPM's regulations, however, specifically provide that such lawsuits "must be brought against OPM and not against the carrier or carrier's subcontractors." 5 C.F.R. § 890.107(c). The remedy in such a lawsuit "shall be limited to a court order directing OPM to require the carrier to pay the amount of benefits in disputes." *Id*.

15.     Further, the FEHBA contains a jurisdictional provision, which states: "The district courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of a civil action or claim against the United States founded on this chapter." 5 U.S.C. § 8912.

16.     FEHBA also contains a provision expressly preempting state law, which provides, in pertinent part:

> The Office of Personnel Management may contract with qualified carriers offering plans described by section 8903 or 8903a of this title, without regard section to 5 of title 41 or other statute requiring competitive bidding. Each contract shall be for a uniform term of at least 1 year.
>
> \*\*\*
>
> The terms of any contract under this chapter which relate the nature, provision, or extent of coverage of benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans.
>
> 5 U.S.C. § 8902(m)(1).

17. "[U]nder § 8902(m)(1) as it now reads, state law – whether consistent or inconsistent with federal plan provisions – is displaced on matters of coverage or benefits." *Empire*, 547 U.S. at 686

18. There are two requirements for express preemption under FEHBA's preemption provision: (1) the state law at issue must implicate contract terms "which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits); and (2) the state law must "relate to health insurance or plans." *See* 5 U.S.C. § 8902(m)(1); *see also Empire HealthChoice Assurance, Inc. v. McVeigh*, 396 F.3d 136, 145 (2d Cir. 2005) (listing the two requirements for preemption under § 8902(m)(1))(Sotomayor, J.).

## Plaintiff's Complaint

19. Plaintiff's Complaint directly implicates the FEHBA and falls squarely within the statute's preemptive scope.

20. The crux of the Complaint is that Plaintiff claims it was entitled to 100% of its billed charges for both the primary and assistant surgeons under the Participant's federal plan, and that in issuing payment for less than that amount, Horizon (not OPM) breached the Participant's contract of insurance (Count One) and committed various violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* (Counts Two and Three).

21. Plaintiff's ERISA claims are inapplicable to this matter because ERISA does not apply to "governmental plans," 29 U.S.C. § 1003(b)(1), a term that means plans "established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." 29 U.S.C. § 1002(32). The FEHBP is clearly a governmental plan excluded from ERISA

5

requirements, *see In re Lymecare, Inc.*, 301 B.R. 662, 668 (Bankr. D.N.J. 2009), leaving only Plaintiff's breach of contract claim for further consideration.

22. As for Plaintiff's breach of contract claim, as stated above that cause of action is superseded by the FEHBA, as it is a direct demand for additional plan benefits under the Participant's health coverage. That demand, moreover, must be sought against OPM, not Horizon, in federal court.

23. Horizon intends to file a motion on this issue at the appropriate juncture, but for removal purposes it is clear that this case presents a federal question.

## Complete Preemption

24. While the Complaint itself does not expressly reference the FEHBA or any federal statute or regulation, the plan under which Plaintiff seeks to compel coverage for the subject procedure is a federal plan.

25. Ordinarily, the "well-pleaded complaint rule" precludes removal of state court complaints which do not reference federal law on their face, although the United States Supreme Court has fashioned a significant exception to the well-pleaded complaint rule known as the "complete preemption doctrine." The doctrine states that when the preemptive force of a statute is "extraordinary," it converts an ordinary common-law claim (in this case Plaintiff's breach of contract claim) into one stating a federal claim for purposes of the well-pleaded complaint rule. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987).

26. Determining whether the complete preemption doctrine permits removal of this case requires a two-step analysis. First, the Court must determine whether the FEHBA completely preempts the field of benefit claims, and second, the Court must determine whether the Plaintiff's

claim falls within the scope of the civil enforcement provisions of FEHBA. *See Hanson v. Blue Cross Blue Shield of Iowa*, 953 F.Supp.270, 274 (N.D. Iowa 1996)(citations omitted).

27. Here, the FEHBA empowers the Participant to seek judicial review of his demand for additional benefits under his federal plan, and his breach of contract claim is simply a prayer for that very relief. Accordingly, the FEHBA completely preempts the field in which Plaintiff, as the Participant's alleged "assignee," seeks redress, making removal appropriate.

## TIMELINESS OF APPLICATION AND APPROPRIATENESS OF VENUE

28. Horizon first received notice of Plaintiffs' complaint when it was served with process on September 8, 2017. Horizon has not been served with any other process, pleadings, or orders in this case, and the date on or before which Horizon is required to answer or otherwise respond to the Complaint in state court has not yet expired.

29. Removal is therefore timely under 28 U.S.C. §§ 1446(b) because the thirtieth day – not counting weekends and legal holidays[1] – since service upon Horizon has not yet passed. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

30. This Court is thus the proper venue for removal under 28 U.S.C. §§ 1441(a) and 1445(a).

## NOTICE TO PARTIES

31. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff. A copy of the Notice of Removal will also be filed with the

---

[1] The thirtieth day following service of process on Horizon was Sunday, October 8, 2017, and Monday, October 9, 2017 was Columbus Day, a court-observed legal holiday. Pursuant to Fed. R. Civ. P. 6(a)(1)(c), when a time period is stated in days, "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

Clerk of the Superior Court of New Jersey, Law Division, Passaic County in the form attached hereto as <u>Exhibit B</u>.

## **RESERVATION OF RIGHTS**

32.    In filing this Notice of Removal, Horizon does not waive any defects in venue, personal jurisdiction, or service of process.

33.    Based on the foregoing, Horizon respectfully requests that the United States District Court for the District of New Jersey issue such orders and processes as are necessary to preserve its jurisdiction over this matter.

 

**BECKER LLC**
Attorneys for Defendant


By:    */s/ Michael E. Holzapfel*
        Michael E. Holzapfel


Dated: October 10, 2017

## **LOCAL CIVIL RULE 11.2 VERIFICATION**

Other than the action filed in the Superior Court of New Jersey, Law Division, Passaic County, which is the subject of this Notice of Removal, the matter in controversy is not, to the best of Horizon's knowledge, information, and belief, the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                        **BECKER LLC**
                                        Attorneys for Defendant

By:  */s/ Michael E. Holzapfel*
       Michael E. Holzapfel

Dated: October 10, 2017