# EXHIBIT A

Lockbox D/C
RECEIVED
SEP 08 2017
LEGAL AFFAIRS

SUMMONS

Attorney(s) Callagy Law, P.C.
Office Address 650 From Road
Suite 565
Town, State, Zip Code Paramus, NJ 07652
Telephone Number (201) 261-1700
Attorney(s) for Plaintiff Daniel C. Nowak, Esq.

Superior Court of New Jersey

Passaic COUNTY
Law DIVISION

Docket No: PAS-L-2859-17

University Spine Center o/a/o Felix F.

Plaintiff(s)

Vs.
Horizon Blue Cross Blue Shield of New Jersey

Defendant(s)

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153 deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

s/ Michelle Smith
Clerk of the Superior Court

DATED: 09/07/2017

Name of Defendant to Be Served: Horizon Blue Cross Blue Shield of New Jersey

Address of Defendant to Be Served: 3 Penn Plaza East, Newark, NJ 07105

PASSAIC SUPERIOR COURT
PASSAIC COUNTY COURTHOUSE
77 HAMILTON STREET
PATERSON NJ 07505

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 247-8176
COURT HOURS 8:30 AM - 4:30 PM

DATE: AUGUST 30, 2017
RE: UNIVERSITY SPINE CENTER VS HORIZON BLUE CRO
DOCKET: PAS L -002859 17

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 2.

DISCOVERY IS 300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON RANDAL C. CHIOCCA

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM 003 AT: (973) 247-8198 EXT 8198.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDAN WITH R.4:5A-2.

ATTENTION:

ATT: DANIEL C. NOWAK
CALLAGY LAW
650 FROM ROAD SUITE 565
PARAMUS NJ 07652

JUESM2

Appendix XII-B1

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed**

**FOR USE BY CLERK'S OFFICE ONLY**
PAYMENT TYPE: ☐CK ☐CG ☐CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Daniel C. Nowak, Esq. | (201) 261-1700 | Passaic |

FIRM NAME (if applicable): Callagy Law, P.C.

DOCKET NUMBER (when available): L-2859-17

OFFICE ADDRESS: 650 From Road, Suite 565, Paramus, NJ 07652

DOCUMENT TYPE: Complaint

JURY DEMAND ■ YES ☐ NO

NAME OF PARTY (e.g., John Doe, Plaintiff): University Spine Center, on assignment of Felix F.

CAPTION: University Spine Center, on assignment of Felix F. v. Horizon Blue Cross Blue Shield of New Jersey

CASE TYPE NUMBER (See reverse side for listing): 599

HURRICANE SANDY RELATED? ☐ YES ■ NO

IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO

IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING? ☐ YES ■ NO

IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ■ NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ■ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ■ NO

IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ■ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

FILED
Superior Court of New Jersey
AUG 30 2017
Passaic County

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ NO

IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION

WILL AN INTERPRETER BE NEEDED? ☐ YES ■ NO

IF YES, FOR WHAT LANGUAGE?

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: Daniel C Nowak



Side 2

# CIVIL CASE INFORMATION STATEMENT
# (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

**Track III - 450 days' discovery**
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
271 ACCUTANE/ISOTRETINOIN
274 RISPERDAL/SEROQUEL/ZYPREXA
281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
285 STRYKER TRIDENT HIP IMPLANTS
286 LEVAQUIN
287 YAZ/YASMIN/OCELLA
289 REGLAN
290 POMPTON LAKES ENVIRONMENTAL LITIGATION
291 PELVIC MESH/GYNECARE
292 PELVIC MESH/BARD
293 DEPUY ASR HIP IMPLANT LITIGATION
295 ALLODERM REGENERATIVE TISSUE MATRIX
296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
297 MIRENA CONTRACEPTIVE DEVICE
299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
300 TALC-BASED BODY POWDERS
601 ASBESTOS
623 PROPECIA
624 STRYKER LFIT CoCr V40 FEMORAL HEADS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category ☐ Putative Class Action ☐ Title 59

CALLAGY LAW, P.C.
Daniel C. Nowak, Esq. (Bar No. 19027-2016)
Mack-Cali Centre II
650 From Road, Suite 565
Paramus, New Jersey 07652
Phone: (201) 261-1700
Fax: (201) 549-6244
E-mail: dnowak@callagylaw.com

*Attorneys for Plaintiff, University Spine Center*

FILED
Superior Court of New Jersey
AUG 30 2017
Passaic County

| | |
|---|---|
| UNIVERSITY SPINE CENTER, on assignment of Felix F., Plaintiff, v. HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: PASSAIC COUNTY<br><br>DOCKET NO.: L-2859-17<br><br>CIVIL ACTION<br><br>**COMPLAINT** |

University Spine Center ("Plaintiff"), on assignment of Felix F. ("Patient"), by way of Complaint against Horizon Blue Cross Blue Shield of New Jersey ("Defendant"), asserts:

**THE PARTIES**

1. At all relevant times, Plaintiff was a healthcare provider in the County of Passaic, State of New Jersey.

2. Upon information and belief, Defendant is primarily engaged in the business of providing and/or administering health care plans ("Plans") or policies ("Policies") and was present and engaged in significant activities in the State of New Jersey to sustain this Court's exercise of *in personam* jurisdiction.

ANATOMY OF THE CLAIM

3. This dispute arises from Defendant's failure to properly reimburse Plaintiff for the medically necessary and reasonable services provided to Defendant's participant or insured, i.e., Patient.

4. On October 31, 2016, Plaintiff provided medically necessary and reasonable services to Patient. See Exhibit A attached hereto.

5. Specifically, Patient underwent the following procedures: anterior diskectomy at L3-L4 via right lateral retroperitoneal approach, anterior fusion at L3-L4, placement of anterior interbody spacer via right lateral approach, posterior spinal fusion at L3-L4, posterior spinal instrumentation at L3-L4 using DePuy Viper pedicle screw system, L3-L4 laminectomy, excision of herniated disk at L3-L4, and use of a microscope and microscopic technique. See Id.

6. Plaintiff obtained an assignment of benefits from Patient in order to bring this claim under the Employee Retirement Income Security Act of 1974, 29 USC §1002, *et seq.* ("ERISA"). See Exhibit B attached hereto.

7. Pursuant to the assignment of benefits, Plaintiff prepared Health Insurance Claim Forms ("HICFs") formally demanding reimbursement in the amount of $478,555.00 from Defendant for the medically necessary and reasonable services rendered to Patient. See Exhibit C attached hereto.

8. Defendant, however, only allowed reimbursement totaling $7,373.95 for the above-referenced treatment. See Exhibit D attached hereto.

9. Plaintiff engaged in the applicable administrative appeals process maintained by Defendant. See Exhibit E attached hereto.

10. Further, Plaintiff requested, among other items, a copy of the Summary Plan Description, Plan Policy, and identification of the Plan Administrator/Plan Sponsor. Id.

11. Defendant failed to remit additional payment in response to Plaintiff's appeal and also failed to produce the requested documents mentioned above.

12. Upon information and belief, Defendant is the Claims Administrator for the applicable Plan for Patient.

13. Taking into account any known deductions, copayments and coinsurance, Defendant's reimbursement amounts to an underpayment of $471,181.05.

14. Accordingly, Plaintiff brings this action for breach of contract, recovery of the outstanding balance, and Defendant's breach of fiduciary duty.

**COUNT ONE**

**BREACH OF CONTRACT**

15. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-14 of this Complaint and incorporates same by reference hereto.

16. Patient was entitled to payment of health benefits from Defendant pursuant to a health Plan administered by Defendant.

17. Patient assigned that right to payment of health benefits to Plaintiff.

18. Plaintiff filed a claim for payment of those health benefits.

19. Upon information and belief, Defendant has failed to make full payment of the health benefits Patient and Plaintiff are entitled to under the Plan or Policy.

20. As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

a. For an Order directing Defendant to pay to Plaintiff $471,181.05;

b. For an Order directing Defendant to pay to Plaintiff all benefits Plaintiff would be entitled to pursuant the Plan or Policy issued or administered by Defendant;

c. For compensatory damages and interest;

d. For attorneys' fees and costs of suit; and

e. For such other and further relief as the Court may deem just and equitable.

**COUNT TWO**

**FAILURE TO MAKE ALL PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)**

21. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-20 of this Complaint and incorporates same by reference hereto.

22. Plaintiff avers this Count to the extent ERISA governs this dispute.

23. Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a Plan.

24. Plaintiff has standing to seek such relief based on the assignment of benefits obtained by Plaintiff from Patient

25. Upon information and belief. Defendant acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

26. Plaintiff is entitled to recover benefits due to Patient under any applicable ERISA Plan and Policy.

27. Upon information and belief, Defendant has failed to make payment pursuant to the controlling Plan or Policy.

28. Plaintiff also alleges that Defendant's decision to deny reimbursement was wrongful.

29. As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. For an Order directing Defendant to pay to Plaintiff $471,181.05;

b. For an Order directing Defendant to pay to Plaintiff all benefits Patient would be entitled to pursuant the Plan or Policy issued by Defendant;

c. For compensatory damages and interest;

d. For attorneys' fees and costs of suit; and

e. For such other and further relief as the Court may deem just and equitable.

**COUNT THREE**

**BREACH OF FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a)**

30. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-29 of this Complaint and incorporates same by reference hereto.

31. 29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

32. Plaintiff seeks redress for Defendant's breaches of fiduciary duty and/or breaches of co-fiduciary duty under 29 U.S.C. § 1132(a)(3)(B), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a).

33. 29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

34.     Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1)

35.     29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

36.     Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a).

37.     Here, when Defendant acted to deny payment for the medical bills at issue herein, and when they responded to the administrative appeals initiated by Plaintiff, they were clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among other

reasons. Defendant acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

38. Here, Defendant breached its fiduciary duties by:

1. Failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations;
2. Participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;
3. Failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and
4. Wrongfully withholding money belonging to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. For an Order directing Defendant to pay to Plaintiff $471,181.05;

b. For an Order directing Defendant to pay to Plaintiff all benefits Patient would be entitled to pursuant the Plan or Policy issued by Defendant;

c. For compensatory damages and interest;

d. For attorneys' fees and costs of suit; and

e. For such other and further relief as the Court may deem just and equitable.

**TRIAL COUNSEL DESIGNATION**

Daniel C. Nowak, Esq., is hereby designated as Trial Counsel in the above matter.

**R. 4:5-1(b)(2) CERTIFICATION**

Pursuant to R. 4:5-1(b)(2), I hereby certify that the matter in controversy is not the subject of any other action pending in any court, is not the subject of a pending arbitration proceeding and

is not the subject of any other contemplated action or arbitration proceeding, except as may be set forth below:

**None.**

I further certify that I know of no non-parties who should be joined in the action pursuant to R. 4:28, or who may be subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts, except as may be set forth below:

**None.**

Dated: Paramus, New Jersey
August 25, 2017

Respectfully submitted,

CALLAGY LAW, P.C.

By: [signature]

Daniel C. Nowak, Esq.
Mack Cali Centre II
650 From Road – Suite 558
Paramus, New Jersey 07652
Phone: (201) 261-1700
Fax: (201) 549-6244
E-mail: dnowak@callagylaw.com

*Attorneys for Plaintiff, University Spine Center*

# EXHIBIT A

| St. Joseph's Healthcare System<br>St. Joseph's Regional Medical Center<br>703 Main Street<br>Paterson, NJ 07503<br>(973)754-2000<br><br>**OPERATIVE REPORT** | Name: FELIX<br>Procedure Date: 10/31/2016<br>Attending: Ki Hwang<br>Dictated by: KI SOO HWANG<br>Acct #: 660000881941<br>MR #: 2010132 |
|---|---|

PREOPERATIVE DIAGNOSES:

1. Lumbar degenerative disk disease.
2. Lumbar spinal stenosis.
3. Lumbar scoliosis.
4. Lumbar disk herniation with right lower extremity radiculopathy at L3-L4.

POSTOPERATIVE DIAGNOSES:

1. Lumbar degenerative disk disease at L3-L4.
2. Lumbar spinal stenosis at L3-L4.
3. Lumbar disk herniation at L3-L4 with right lower extremity radiculopathy.

PROCEDURES:

1. Anterior diskectomy at L3-L4 via right lateral retroperitoneal approach.
2. Anterior fusion at L3-L4.
3. Placement of anterior interbody spacer via right lateral approach, NuVasive 12 x16 x 60 lordotic carbon fiber PEEK cage.
4. Use of neurophysiology monitoring and direct stimulation of the lumbar plexus.
5. Use of fluoroscopy and its interpretation.
6. Use of isosulfan fusion purposes.

SURGEON: Ki Soo Hwang, M.D. and Arash Emami, M.D.

ANESTHESIA: General with endotracheal intubation.

ESTIMATED BLOOD LOSS: Minimal.

COMPLICATIONS: None.

SPECIMENS SENT: None.

INDICATIONS: The patient is a 61-year-old male who presents with an almost 1-year history of chronic lower back pain with radiation to the right anterior thigh associated with numbness and tingling sensation and progressive weakness. Initially, the patient was treated for possible disease. However, further diagnostic studies including x-rays and MRI study of the lumbosacral spine revealed severe degenerative disk disease at L3-L4, superimposed right paracentral disk herniation with extrusion. There is also severe collapse of disk space and resulting in a short

| St. Joseph's Healthcare System<br>St. Joseph's Regional Medical Center<br>703 Main Street<br>Paterson, NJ 07503<br>(973)754-2000<br><br>**OPERATIVE REPORT** | Name: [redacted], FELIX<br>Procedure Date: 10/31/2016<br>Attending: Ki Hwang<br>Dictated by: KI SOO HWANG<br>Acct #: 660000881941<br>MR #: 2010132 |
|---|---|

segment scoliotic deformity. As the patient has failed conservative treatments, the patient was indicated for surgical intervention.

We have discussed multiple surgical and nonsurgical options. With the scar to surgical option, we have discussed possibly disk remaining decompressive procedure and perhaps to performing diskectomy, however, it is inadequate to improve his back and leg pain due to severe collapse of disk space resulting severe foraminal stenosis. At L3-L4 segment, interlaminar space was much narrowed and need for widen the laminectomy with increased chance of iatrogenic pars interarticularis fractures. Therefore, after extensive discussion of treatment options, the surgical goal was modified. The first primary goal is to decompress the neural elements by restoring the disk height and opening up the foramen stenosis. In addition, we will address the extruded disk fragment by directly removing the herniated disk fragment. Finally, we introduced the pedicle screws for additional fixation for correction and maintenance of the spinal scoliotic deformity.

Risks, benefits, and alternatives to surgical intervention were discussed with the patient. Risks including infection, bleeding, nerve injury, durotomy, adjacent segment changes, malunion, nonunion, and inadequate pain relief were discussed with the patient along with the approach related complications including retroperitoneal organ injuries, prolonged ileus and DVT, including other medical-related complications. The patient understands the issues involved and would like to proceed with the surgery.

The surgical intervention would be 2-stage procedure. The first surgery will be a lateral decubitus position with the right side elevated to restore the disk height and thus restoring the foraminal height. This procedure followed by second part of surgery, which is to indirect decompression and removal of herniated disk with pedicle screw fixation from posteriorly.

DESCRIPTION OF PROCEDURE: I explained to the patient about the consent process and consent form in great detail. Thus, the patient has signed the consent form. He was then taken to the operating room. General anesthesia was administered in the supine position as per anesthesia protocol. A timeout was called. Sequential compression devices were applied to the lower extremities. The patient was given IV antibiotics. Foley catheter was inserted.

At this stage, the patient was placed in the lateral decubitus proceeded with the left side elevated. All bony surfaces were carefully padded to prevent any position-related neuropraxia. With gentle manipulation of the electric band, I was able to deliver the L3-L4 segment easily without complications.

At this stage, entire right side of the abdomen including flank space and the anterior aspect of abdomen down to the umbilicus was prepped and draped in the usual sterile manner.

| St. Joseph's Healthcare System<br>St. Joseph's Regional Medical Center<br>703 Main Street<br>Paterson, NJ 07503<br>(973)754-2000<br><br>**OPERATIVE REPORT** | Name: [redacted] FELIX<br>Procedure Date: 10/31/2016<br>Attending: Ki Hwang<br>Dictated by: KI SOO HWANG<br>Acct #: 660000881941<br>MR #: 2010132 |
|---|---|

Using fluoroscopy guidance, I was able to visualize the L3-L4.

Once this was done, I made a skin incision along the skin crease to expose the L3-L4 segment. The anterior abdominal musculature was bluntly dissected away revealing retroperitoneal fascia. Retroperitoneal fascia was then bluntly penetrated with a fingertip dissection.

At this stage, blunt tubular retractor was introduced under direct imaging guidance and direct visualization until I was able to dock the tubular retractor over the L3-L4 segment. Continuous neuro monitoring was obtained to directly stimulate the lumbar plexus. At this stage, I was able to safely dock the L3-L4 segment at center-center position. A guidewire was inserted and sequential dilatation of the soft tissue, the iliopsoas was performed under direct imaging guidance with continuous neuro monitoring system.

At this stage, I was finally able to dock the tubular retractor expandable form over the L3-L4 segment. Again, confirmatory fluoroscopy images demonstrated excellent position as well as safe placement using continuous neuro monitoring and direct stimulation of the lumbar plexus.

At this stage, I used blunt probe to mobilize the iliopsoas muscle and identified the L3-L4 disk space.

I then proceeded with the diskectomy portion of the surgery. Diskectomy was performed first by annulotomy using a #11 blade. Complete and thorough diskectomy was performed using pituitary and Kerrison rongeurs to remove the bulk of the disk material. This procedure was followed by endplate decortication using sharp angled curettes. This was done, I selected 12-mm height lordotic carbon fiber PEEK cage. This appeared to fit and restore the disk height best. The cage was filled with morselized autograft for fusion purposes. Under direct imaging guidance, I was able to place the cage into the L3-L4 disk spacer via right lateral approach. Once this was done, the insertion device was removed. The wound was copiously irrigated with normal saline solution. Thorough hemostasis was obtained.

I then obtained a biplanar fluoroscopy images confirmed the proper placement of the instrumentation.

I then proceeded with wound closure. The wound was closed in meticulous layered manner. Deep fascia was reapproximated with #1 Vicryl in interrupted manner. This was followed by 2-0 Vicryl, followed by 3-0 Monocryl. Dry sterile dressing was applied.

The patient was returned to supine position without complications. The patient remained clinically and physiologically stable throughout the procedure for the part of the surgical intervention.

| St. Joseph's Healthcare System<br>St. Joseph's Regional Medical Center<br>703 Main Street<br>Paterson, NJ 07503<br>(973)754-2000<br><br>**OPERATIVE REPORT** | Name: [redacted] FELIX<br>Procedure Date: 10/31/2016<br>Attending: Ki Hwang<br>Dictated by: KI SOO HWANG<br>Acct #: 660000881941<br>MR #: 2010132 |
|---|---|

KI SOO HWANG, MD

DD: 11/01/2016 09:30
DT: 11/01/2016 10:23/UN
Conf. No: 1321928
Job Id: 1475686

| St. Joseph's Healthcare System<br>St. Joseph's Regional Medical Center<br>703 Main Street<br>Paterson, NJ 07503<br>(973)754-2000<br><br>**OPERATIVE REPORT** | Name: [redacted] FELIX<br>Procedure Date: 10/31/2016<br>Attending: Ki Hwang<br>Dictated by: KI SOO HWANG<br>Acct #: 660000881941<br>MR #: 2010132 |
|---|---|

PREOPERATIVE DIAGNOSES:

1. Severe lumbar spinal stenosis, lumbar degenerative disk disease at L3-L4.
2. Lumbar disk herniation at L3-L4 with right lower extremity radiculopathy.
3. Status post anterior spinal fusion at L3-L4.

POSTOPERATIVE DIAGNOSES:

1. Severe lumbar degenerative disk disease, spinal stenosis at L3-L4.
2. Lumbar disk herniation at L3-L4 with the right lower extremity radiculopathy.
3. Status post anterior spinal fusion at L3-L4.

PROCEDURES:

1. Posterior spinal fusion at L3-L4
2. Posterior spinal instrumentation at L3-L4 using DePuy Viper pedicle screw system.
3. L3-L4 laminectomy.
4. Excision of herniated disk at L3-L4.
5. Use of microscope and microscopic technique.
6. Use of fluoroscopy and its interpretation.
7. Use of neurophysiology monitoring.

SURGEON: Ki Soo Hwang, M.D. and Kumar Sinha, M.D.

ANESTHESIA: General with endotracheal intubation.

ESTIMATED BLOOD LOSS: Minimal.

COMPLICATIONS: None.

SPECIMENS SENT: None.

INDICATION FOR SURGERY: The patient is a 61-year-old male who presents with debilitating progressive lower back pain with radiation to right lower extremity. MRI studies and x-rays demonstrated severe lumbar degenerative disk disease at L3-L4 with complete collapse of disk space and resulting in severe foraminal stenosis and spinal stenosis. In addition, the patient developed large right-sided paracentral disk herniation with extrusion causing displacement of the traversing and exiting nerve root at the right side.

| St. Joseph's Healthcare System<br>St. Joseph's Regional Medical Center<br>703 Main Street<br>Paterson, NJ 07503<br>(973)754-2000<br><br>**OPERATIVE REPORT** | Name: [redacted], FELIX<br>Procedure Date: 10/31/2016<br>Attending: Ki Hwang<br>Dictated by: KI SOO HWANG<br>Acct #: 660000881941<br>MR #: 2010132 |
|---|---|

As the patient has failed conservative treatments, the patient was indicated for surgical intervention. Early, the patient underwent anterior interbody fusion to restore the disk height and open up the foraminal stenosis. Following the surgical intervention, the patient was placed in prone position. This is the second part of the surgical intervention, which was dictated separately.

DESCRIPTION OF PROCEDURE: Following the anterior part of surgery, the patient was again turned back to supine position. At this stage, Jackson table with chest and hip pads were brought into the operating room. The patient was then placed in prone position over the Jackson table. All bony surfaces were carefully padded to prevent any position-related neuropraxia. Careful not to impact the anterior incision, I was able to position the patient, so that the lumbar lordosis was recreated.

Entire patient's mid and lower back was then prepped and draped in the usual manner. Using fluoroscopy guidance, I was able to visualize the L3-L4 pedicles bilaterally. I made a stab incision using a Jamshidi needle. A Jamshidi needle was introduced advanced under direct imaging guidance until the tip of the needle was positioned at the pedicle vertebral body junction. This study, guidewire was inserted and sequential dilatation of soft tissue was performed. I was able to place the tap over the L3 and L4 pedicles into the vertebral body junction. Once this was done, direct stimulation of the tap was performed, establishing safe placement of the pedicle screws. The tap was then removed. I then proceeded with interlaminar decompression between L3-L4. I made a separate midline incision over the L3-L4 interlaminar space in approximately 15 mm in length. Dissection was then carried down sharply from the skin to deep dorsal lumbosacral fascia. The fascial incision was made and paraspinal musculature was moved away revealing the L3-L4 interlaminar space.

At this stage, probe was inserted to it and fluoroscopy images demonstrated the L3-L4 segment to be correct segment.

At this stage, remaining soft tissue was cauterized and removed with pituitary and Kerrison rongeurs. The interlaminar space was again identified. Microscope was brought into the surgical field and under direct microscopic visualization, I proceeded to perform laminectomy at L3-L4.

A high-speed burr was utilized to remove the inferior aspect of the L3 lamina and superior aspect of the L4 lamina. The ligamentum flavum was gently elevated off using 1 and 2 mm Kerrison punches. The thecal sac along with the exiting and traversing nerve was identified.

The traversing nerve was then gently mobilized medially revealing multiple small fragments at L3-L4 lateral recess area. By using blunt dissecting, the fragments were teased off the nerve root

| St. Joseph's Healthcare System<br>St. Joseph's Regional Medical Center<br>703 Main Street<br>Paterson, NJ 07503<br>(973)754-2000<br><br>**OPERATIVE REPORT** | Name: [redacted], FELIX<br>Procedure Date: 10/31/2016<br>Attending: Ki Hwang<br>Dictated by: KI SOO HWANG<br>Acct #: 660000881941<br>MR #: 2010132 |
|---|---|

and removed in piecemeal fashion. Bipolar cautery was used to coagulate any bleeding surfaces. Interlaminar space was then thoroughly irrigated with normal saline solution.

I then completed decompression by performing foraminotomy laminectomy at L3-L4. Upon completion of the procedure, the exiting traversing nerve roots were thoroughly decompressed. Disk material as well as lateral recess stenosis and foraminal stenosis were improved with this procedure.

Surgiflo was injected into the epidural space. After obtaining thorough hemostasis, the wound was copiously irrigated with normal saline solution.

I then turned my attention to fusion at the L3-L4 segment. Sharp angled curets were introduced between L3-L4 facet joint. Remaining off for cell was impacted into the facet joints.

I then completed the instrumentation portion of surgery by placing pedicle screws over the previously placed guidewires at L3 and L4. Gentle compression was performed, mainly at L4 to the scoliotic deformity. This helped to recreate the sagittal balance as well as coronal balance. Set screws were introduced and locked in compression mode using a torque wrench. Insertion devices were removed. Orthogonal x-rays demonstrated excellent hardware placement without complications.

The patient remained clinically and physiologically stable throughout the procedure. The wound was copiously irrigated with normal solution. Thorough hemostasis was obtained.

I then proceeded with wound closure. Deep fascia was closed with #1 Vicryl followed by 2-0 Vicryl, followed by 3-0 Monocryl. Dry sterile dressing was applied.

The patient was turned back to supine position. He was extubated promptly without complications. The patient remained clinically and physiologically stable throughout the procedure. No short-term perioperative complications were noted.

KI SOO HWANG, MD

Electronically Signed By EMAMI, ARASH MD on 03-Nov-2016 12:41:16 -04:00

DD: 11/01/2016 09:37
DT: 11/01/2016 10:47/UN
Conf. No: 1321932

SJH[redacted] FELIX Case 1660000881941 10/31/2016-11/2/2016-IPA-IPT eOperative Report - KI SOO HWANG - 11/1/2016 - CUSTOH10\20c4_{v0328

| St. Joseph's Healthcare System<br>St. Joseph's Regional Medical Center<br>703 Main Street<br>Paterson, NJ 07503<br>(973)754-2000<br><br>**OPERATIVE REPORT** | Name: [redacted] FELIX<br>Procedure Date: 10/31/2016<br>Attending: Ki Hwang<br>Dictated by: KI SOO HWANG<br>Acct #: 660000881941<br>MR #: 2010132 |
|---|---|

Job Id: 1475691

OPERATIVE REPORT
Page 4 of 4

Page 1 of 4

# EXHIBIT B

Right to Amend
If you feel the medical information we have is incorrect or incomplete, you may ask us to amend it. We will provide an amendment form which you must complete. You must provide a reason which must support your request. In the absence of a reason we will deny your request.

Rights to an Accounting of Disclosure
We will keep an accounting of all disclosures we made about you. You may request this list in writing and must state a time period no longer than six years and may not include dates before April 14, 2003.

Right to Request Restrictions
You have the right to request a restriction on the medical information we disclose for treatment, payment, operations or your care givers and other involved persons. *We are not required to agree with your request.* We will comply with your request unless the information is needed for emergency treatment. Your request for limitations must be made in writing and must include what information you want limited and to whom you want these limits to apply.

Changes to this Notice
We reserve the right to change this notice and apply the changes to information we already have about you or may receive in the future. We will post a copy of the current notice in the office. The effective date will appear in the upper right hand corner. We will offer you a copy of the current notice.

Complaints
If you believe that your rights have been violated, you may file a complaint with our office. Your complaint must be made in writing and addressed to Doranne Moncavage, University Spine Center. No complaints will be acknowledged by phone.

## Assignment and Release

I, the undersigned, certify that I (or my dependent/s) have insurance coverage with BCBS and assign directly to University Spine Center, all insurance benefits, if any, otherwise payable to me for the services rendered. I understand that I am financially responsible for all charges, whether or not paid by insurance. I hereby authorize the doctor to release all information necessary to secure the payment of benefits. I authorize the use of this signature on all insurance submissions.

× Responsible Party Signature: [signature] Relationship: Self Date: 10/20

## Acknowledgment of Receipt of Privacy Notice

Our notice of Privacy Practices provides information about how we may use and disclose protected health information about you. You have the right to review our notice and ask questions about our privacy practices. The terms of this notice may change. Upon request a copy of our revised notice will be made available to you. By signing this for you acknowledge that you have received our Notice of Privacy Practices.

Name of Patient: Felix [redacted] Date: 10/20/16

× Signature of Patient/ Guardian: [signature]

Please release any information to the following people:

## Medicare Authorization

I request that payment of authorized Medicare benefits be made either to me or on behalf to University Spine Center, services furnished to me by University Spine Center. I authorize any holder of medical information about me to release to the Health Care Financing Administration and its agents any information needed to determine these benefits or the benefits payable for related services. I understand my signature requests that payment be made and authorizes release of medical information necessary to pay the claim. If "other health insurance" is indicated in item 9 of the HCFA 1500 form or elsewhere on other approved claim forms or electronically submitted claims, my signature authorizes release of information to the insurer or agency shown. In Medicare assigned cases, the physician or supplier agrees to accept the charge determination of the Medicare carrier as the full charge, and the patient is responsible only for the deductible, coinsurance, and non-covered services. Coinsurance and the deductible are based upon the charge determination of the Medicare carrier.

× Beneficiary Signature: ______ Date: ______

# EXHIBIT C

BCBS IN NJ - HORIZON NJ
NEWARK NJ 07101

# HEALTH INSURANCE CLAIM FORM

APPROVED BY NATIONAL UNIFORM CLAIM COMMITTEE (NUCC) 02/12

PICA

1. MEDICARE / MEDICAID / TRICARE / CHAMPVA / GROUP HEALTH PLAN / FECA BLK LUNG / OTHER: X (ID#)

1a. INSURED'S I.D. NUMBER (For Program in Item 1): R57713264

2. PATIENT'S NAME (Last Name, First Name, Middle Initial): [redacted] FELIX J

3. PATIENT'S BIRTH DATE / SEX: [redacted] X

4. INSURED'S NAME (Last Name, First Name, Middle Initial): [redacted] FELIX

5. PATIENT'S ADDRESS (No., Street): [redacted]

6. PATIENT RELATIONSHIP TO INSURED: Self X

7. INSURED'S ADDRESS (No., Street): [redacted]

CITY / STATE: [redacted]

8. RESERVED FOR NUCC USE

ZIP CODE / TELEPHONE (Include Area Code): [redacted]

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)

10. IS PATIENT'S CONDITION RELATED TO:

11. INSURED'S POLICY GROUP OR FECA NUMBER: NONE

a. OTHER INSURED'S POLICY OR GROUP NUMBER

a. EMPLOYMENT? (Current or Previous) YES / X NO

a. INSURED'S DATE OF BIRTH: [redacted] SEX M X

b. RESERVED FOR NUCC USE

b. AUTO ACCIDENT? YES / X NO PLACE (State)

b. OTHER CLAIM ID (Designated by NUCC)

c. RESERVED FOR NUCC USE

c. OTHER ACCIDENT? YES / X NO

c. INSURANCE PLAN NAME OR PROGRAM NAME: BCBS IN NJ - HORIZON NJ

d. INSURANCE PLAN NAME OR PROGRAM NAME

10d. CLAIM CODES (Designated by NUCC)

d. IS THERE ANOTHER HEALTH BENEFIT PLAN? YES / X NO *If yes, complete items 9, 9a and 9d.*

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.

12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED SIGNATURE ON FILE DATE 10 31 2016

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED SIGNATURE ON FILE

14. DATE OF CURRENT ILLNESS, INJURY, or PREGNANCY (LMP) QUAL.

15. OTHER DATE QUAL.

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION FROM / TO

17. NAME OF REFERRING PROVIDER OR OTHER SOURCE 17a. 17b. NPI

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES FROM 10 31 2016 TO

19. ADDITIONAL CLAIM INFORMATION (Designated by NUCC): PART OF AN APPEAL

20. OUTSIDE LAB? YES / X NO $ CHARGES 0

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. Relate A-L to service line below (24E) ICD Ind. 0

A. M48.06 B. M51.16 C. D. E. F. G. H. I. J. K. L.

22. RESUBMISSION CODE / ORIGINAL REF. NO.: 26163444272400780

23. PRIOR AUTHORIZATION NUMBER

| 24. A. DATE(S) OF SERVICE From MM DD YY | To MM DD YY | B. PLACE OF SERVICE | C. EMG | D. CPT/HCPCS | MODIFIER | E. DIAGNOSIS POINTER | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT | I. ID. QUAL. | J. RENDERING PROVIDER ID. # |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 31 16 | 10 31 16 | 21 | | 22612 | | AB | 5365800 | 1 | | ZZ / NPI | 207XS0117X / 1205846680 |
| 10 31 16 | 10 31 16 | 21 | | 63047 | 22 | AB | 8288100 | 1 | | ZZ / NPI | 207XS0117X / 1205846680 |
| 10 31 16 | 10 31 16 | 21 | | 22840 | | AB | 2601600 | 1 | | ZZ / NPI | 207XS0117X / 1205846680 |
| 10 31 16 | 10 31 16 | 21 | | 69990 | | AB | 648000 | 1 | | ZZ / NPI | 207XS0117X / 1205846680 |

25. FEDERAL TAX I.D. NUMBER SSN EIN: 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 X

26. PATIENT'S ACCOUNT NO.: 7506178V47046719

27. ACCEPT ASSIGNMENT? YES X

28. TOTAL CHARGE: 16903500

29. AMOUNT PAID: 000

30. Rsvd for NUCC Use

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)

KI SOO HWANG MD 01 12 2017

32. SERVICE FACILITY LOCATION INFORMATION: ST JOSEPHS HOSPITAL 703 MAIN ST PATERSON, NJ 07503-2621

32a. 1669462420

33. BILLING PROVIDER INFO & PH #: (888) 3238923 UNIVERSITY SPINE CENTER PC PO BOX 21146 NEW YORK, NY 10087-1146

33a. 1023324039 33b. KH0850G110

HORIZON NJ

NEWARK NJ 07101

HEALTH INSURANCE CLAIM FORM

APPROVED BY NATIONAL UNIFORM CLAIM COMMITTEE (NUCC) 02/12

PICA — PICA — CARRIER

1. MEDICARE (Medicare #) MEDICAID (Medicaid #) TRICARE (ID#/DoD#) CHAMPVA (Member ID#) GROUP HEALTH PLAN (ID#) FECA BLK LUNG (ID#) OTHER (ID#) X

1a. INSURED'S I.D. NUMBER (For Program in Item 1): R57713264

2. PATIENT'S NAME (Last Name, First Name, Middle Initial): [redacted] FELIX J

3. PATIENT'S BIRTH DATE MM DD YY: [redacted] SEX M X F

4. INSURED'S NAME (Last Name, First Name, Middle Initial): [redacted] FELIX

5. PATIENT'S ADDRESS (No., Street): [redacted]
CITY [redacted] STATE [redacted]
ZIP CODE [redacted] TELEPHONE (Include Area Code) [redacted]

6. PATIENT RELATIONSHIP TO INSURED: Self X Spouse Child Other

7. INSURED'S ADDRESS (No., Street): [redacted]
CITY [redacted] STATE [redacted]
ZIP CODE [redacted] TELEPHONE (Include Area Code) [redacted]

8. RESERVED FOR NUCC USE

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)
a. OTHER INSURED'S POLICY OR GROUP NUMBER
b. RESERVED FOR NUCC USE
c. RESERVED FOR NUCC USE
d. INSURANCE PLAN NAME OR PROGRAM NAME

10. IS PATIENT'S CONDITION RELATED TO:
a. EMPLOYMENT? (Current or Previous) YES NO X
b. AUTO ACCIDENT? YES NO X PLACE (State)
c. OTHER ACCIDENT? YES NO X
10d. CLAIM CODES (Designated by NUCC)

11. INSURED'S POLICY GROUP OR FECA NUMBER: NONE
a. INSURED'S DATE OF BIRTH MM DD YY: [redacted] SEX M X F
b. OTHER CLAIM ID (Designated by NUCC)
c. INSURANCE PLAN NAME OR PROGRAM NAME: BCBS IN NJ - HORIZON NJ
d. IS THERE ANOTHER HEALTH BENEFIT PLAN? YES NO X *If yes, complete items 9, 9a and 9d.*

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.

12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED SIGNATURE ON FILE DATE 10 31 2016

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED SIGNATURE ON FILE

PATIENT AND INSURED INFORMATION

14. DATE OF CURRENT ILLNESS, INJURY, or PREGNANCY (LMP) MM DD YY QUAL.

15. OTHER DATE QUAL. MM DD YY

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION FROM MM DD YY TO MM DD YY

17. NAME OF REFERRING PROVIDER OR OTHER SOURCE 17a. 17b. NPI

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES FROM 10 31 2016 TO

19. ADDITIONAL CLAIM INFORMATION (Designated by NUCC): PART OF AN APPEAL

20. OUTSIDE LAB? YES NO X $ CHARGES 0

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY Relate A-L to service line below (24E) ICD Ind. 0
A. M51.16 B. M48.06 C. D. E. F. G. H. I. J. K. L.

22. RESUBMISSION CODE ORIGINAL REF. NO.: 2616344440150078O

23. PRIOR AUTHORIZATION NUMBER

| | 24. A. DATE(S) OF SERVICE From MM DD YY | To MM DD YY | B. PLACE OF SERVICE | C. EMG | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS | MODIFIER | E. DIAGNOSIS POINTER | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. ID. QUAL. | J. RENDERING PROVIDER ID. # |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 10 31 16 | 10 31 16 | 21 | | 22558 | | AB | 5268200 | 1 | | ZZ / NPI | 207XS0117X / 1205816680 |
| 2 | 10 31 16 | 10 31 16 | 21 | | 22851 | | AB | 1626000 | 1 | | ZZ / NPI | 207XS0117X / 1205816680 |
| 3 | 10 31 16 | 10 31 16 | 21 | | 20936 | | AB | 260100 | 1 | | ZZ / NPI | 207XS0117X / 1205816680 |
| 4 | | | | | | | | | | | NPI | |
| 5 | | | | | | | | | | | NPI | |
| 6 | | | | | | | | | | | NPI | |

PHYSICIAN OR SUPPLIER INFORMATION

25. FEDERAL TAX I.D. NUMBER SSN EIN: 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 X

26. PATIENT'S ACCOUNT NO.: 7506178V47046760

27. ACCEPT ASSIGNMENT? X

28. TOTAL CHARGE: 7154300

29. AMOUNT PAID: 000

30. Rsvd for NUCC Use

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)
KI 300 HWANG MD
DATE 01 23 2017

32. SERVICE FACILITY LOCATION INFORMATION
ST JOSEPHS HOSPITAL
703 MAIN ST
PATERSON, NJ 07503-2691
32a. 1669462420

33. BILLING PROVIDER INFO & PH # (888) 3238823
UNIVERSITY SPINE CENTER PC
PO BOX 21146
NEW YORK, NY 10087-1146
33a. 1023224029 33b. KH0850G110

# HEALTH INSURANCE CLAIM FORM

APPROVED BY NATIONAL UNIFORM CLAIM COMMITTEE (NUCC) 02/12

NEWARK NJ 07101

PICA

1. MEDICARE (Medicare #) / MEDICAID (Medicaid #) / TRICARE (ID#/DoD#) / CHAMPVA (Member ID#) / GROUP HEALTH PLAN (ID#) / FECA BLK LUNG (ID#) / OTHER: X (ID#)

1a. INSURED'S I.D. NUMBER (For Program in Item 1): R57713264

2. PATIENT'S NAME (Last Name, First Name, Middle Initial): [redacted] FELIX J

3. PATIENT'S BIRTH DATE MM DD YY: [redacted] SEX: M X F

4. INSURED'S NAME (Last Name, First Name, Middle Initial): [redacted] FELIX

5. PATIENT'S ADDRESS (No., Street): [redacted]

6. PATIENT RELATIONSHIP TO INSURED: Self X Spouse Child Other

7. INSURED'S ADDRESS (No., Street): [redacted]

CITY / STATE: [redacted]

8. RESERVED FOR NUCC USE

ZIP CODE / TELEPHONE (Include Area Code): [redacted]

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)

10. IS PATIENT'S CONDITION RELATED TO:

11. INSURED'S POLICY GROUP OR FECA NUMBER: NONE

a. OTHER INSURED'S POLICY OR GROUP NUMBER

a. EMPLOYMENT? (Current or Previous) YES NO X

a. INSURED'S DATE OF BIRTH MM DD YY: [redacted] SEX: M X F

b. RESERVED FOR NUCC USE

b. AUTO ACCIDENT? YES NO X PLACE (State)

b. OTHER CLAIM ID (Designated by NUCC)

c. RESERVED FOR NUCC USE

c. OTHER ACCIDENT? YES NO X

c. INSURANCE PLAN NAME OR PROGRAM NAME: BCBS IN NJ - HORIZON NJ

d. INSURANCE PLAN NAME OR PROGRAM NAME

10d. CLAIM CODES (Designated by NUCC)

d. IS THERE ANOTHER HEALTH BENEFIT PLAN? YES NO X If yes, complete items 9, 9a and 9d.

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.

12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED SIGNATURE ON FILE DATE 10 31 2016

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED SIGNATURE ON FILE

14. DATE OF CURRENT ILLNESS, INJURY, or PREGNANCY (LMP) MM DD YY QUAL.

15. OTHER DATE QUAL. MM DD YY

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION FROM TO

17. NAME OF REFERRING PROVIDER OR OTHER SOURCE 17a. 17b. NPI

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES FROM 10 31 2016 TO

19. ADDITIONAL CLAIM INFORMATION (Designated by NUCC): PART OF AN APPEAL

20. OUTSIDE LAB? YES NO X $ CHARGES 0

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY Relate A-L to service line below (24E) ICD Ind. 0

A. M51.16 B. M48.06 C. D. E. F. G. H. I. J. K. L.

22. RESUBMISSION CODE / ORIGINAL REF. NO.: 26163444479300780

23. PRIOR AUTHORIZATION NUMBER

| 24A. DATE(S) OF SERVICE From MM DD YY | To MM DD YY | B. PLACE OF SERVICE | C. EMG | D. PROCEDURES, SERVICES, OR SUPPLIES CPT/HCPCS | MODIFIER | E. DIAGNOSIS POINTER | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT | I. ID. QUAL. | J. RENDERING PROVIDER ID. # |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 31 16 | 10 31 16 | 21 | | 22558 | 82 | AB | 5268200 | 1 | | ZZ / NPI | 207X00000X / 1558302935 |
| 10 31 16 | 10 31 16 | 21 | | 22851 | 82 | AB | 1626000 | 1 | | ZZ / NPI | 207X00000X / 1558302935 |

25. FEDERAL TAX I.D. NUMBER SSN EIN: 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 X

26. PATIENT'S ACCOUNT NO.: 7506173V47046312

27. ACCEPT ASSIGNMENT? (For govt. claims, see back) NO X

28. TOTAL CHARGE: $ 6894200

29. AMOUNT PAID: $ 000

30. Rsvd for NUCC Use

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.): ARASH EMAMI MD SIGNED DATE 01 05 2017

32. SERVICE FACILITY LOCATION INFORMATION: ST JOSEPHS HOSPITAL, 703 MAIN ST, PATERSON, NJ 07503-2621

32a. 1669462420

33. BILLING PROVIDER INFO & PH #: (888) [illegible] UNIVERSITY SPINE CENTER PC, PO BOX 21146, NEW YORK, NY 10087-1146

33a. 1023224029 33b. AE0611F01C

CARRIER — PATIENT AND INSURED INFORMATION — PHYSICIAN OR SUPPLIER INFORMATION

NUCC Instruction Manual available at: www.nucc.org PLEASE PRINT OR TYPE APPROVED OMB-0938-1197 FORM 1500 (02-12)




Horizon

* An Independent Licensee of the Blue Cross and Blue Shield Association

HORIZON BLUE CROSS BLUE SHIELD
OF NEW JERSEY*
P.O. BOX 656
NEWARK, NJ 07101-0656
1-800-624-5078

03501 4364917 007000 014001 000170000

FOR RELATED INQUIRES
PLEASE CALL OR WRITE:

HORIZON BCBSNJ
FEP PROFESSIONAL CUSTOMER SERVICE
P.O. BOX 656
NEWARK, NJ 07101-0656
1-800-624-5078

003501 4364917 000 01 001

UNIVERSITY SPINE CENTER PC
504 VALLEY RD STE 203
WAYNE NJ 07470-3534

*CK*

| PROVIDER NUMBER | TAX ID |
|---|---|
| 1023224029 | XXXXX0164 |
| REFERENCE NUMBER | PAYMENT DATE |
| 714009144 | 12/30/2016 |
| | EFT DATE |
| | 01/04/2017 |

## PROVIDER VOUCHER

| SERVICE DATES FROM/TO | PROCEDURE CODE CVD/NCVD | TOTAL CHARGES | ALLOWED AMOUNT | OTHER INSURANCE DOLLARS | OTHER AMOUNTS NOT COVERED | SUBSCRIBER'S LIABILITY | APPROVED TO PAY | AMOUNT PAID | RSN CODE |
|---|---|---|---|---|---|---|---|---|---|
| ****** TRADITIONAL PAID CLAIMS ****** | | | | | | | | | |
| SUB ID: R57713264 | | PATIENT: [redacted] FELIX | | | | | | | |
| CLAIM#: 261634442943 00 | | PATIENT ACCT/PRESCRIPTION#: 7506178V4704614 | | | | | | | |
| 10/31/16 10/31/16 | 1 8 63047 | $82,881.00 | $202.55 | $0.00 | $0.00 | $82,708.83 | $172.17 | $172.17 | |
| 10/31/16 10/31/16 | 1 8 22612 | $53,658.00 | $319.44 | $0.00 | $0.00 | $53,388.47 | $271.53 | $271.53 | |
| 10/31/16 10/31/16 | 1 8 22840 | $26,016.00 | $152.87 | $0.00 | $0.00 | $25,880.23 | $129.77 | $128.77 | |
| 10/31/16 10/31/16 | 1 8 69990 | $8,480.00 | $44.15 | $0.00 | $0.00 | $8,400.00 | $0.00 | $0.00 | A |
| CLAIM TOTAL---- | | $169,035.00 | $718.81 | $0.00 | $0.00 | $168,481.53 | $573.47 | $573.47 | B |
| A-THIS SERVICE IS NOT PAID. THE SERVICES OF A SURGICAL ASSISTANT/ASSISTANT AT SURGERY ARE NOT MEDICALLY NECESSARY FOR THE PROCEDURE PERFORMED. (U731) | | | | | | | | | |
| B-THE SUBSCRIBER IS RESPONSIBLE FOR $101.19 COINSURANCE. (Z519) | | | | | | | | | |
| SUB ID: R57713264 | | PATIENT: [redacted] FELIX | | | | | | | |
| CLAIM#: 261634444015 00 | | PATIENT ACCT/PRESCRIPTION#: 7506178V4704676 | | | | | | | |
| 10/31/16 10/31/16 | 1 2 22558 | $52,882.00 | $1,754.81 | $0.00 | $0.00 | $51,541.50 | $1,140.50 | $1,140.50 | |
| 10/31/16 10/31/16 | 1 2 22851 | $16,260.00 | $611.51 | $0.00 | $0.00 | $15,927.51 | $332.40 | $332.40 | |
| 10/31/16 10/31/16 | 1 2 20936 | $2,601.00 | $157.38 | $0.00 | $0.00 | $2,408.70 | $102.30 | $102.30 | |
| CLAIM TOTAL---- | | $71,543.00 | $2,423.50 | $0.00 | $0.00 | $69,987.71 | $1,575.20 | $1,575.20 | A |
| A-THE SUBSCRIBER IS RESPONSIBLE FOR $848.21 COINSURANCE. (Z519) | | | | | | | | | |
| SUB ID: R57713264 | | PATIENT: [redacted] FELIX | | | | | | | |
| CLAIM#: 261634444793 00 | | PATIENT ACCT/PRESCRIPTION#: 7506178V4704631 | | | | | | | |
| 10/31/16 10/31/16 | 1 8 22558 | $52,682.00 | $280.74 | $0.00 | $0.00 | $52,443.37 | $238.83 | $238.83 | |
| 10/31/16 10/31/16 | 1 8 22851 | $16,260.00 | $81.84 | $0.00 | $0.00 | $16,190.43 | $69.57 | $69.57 | |
| CLAIM TOTAL---- | | $68,942.00 | $362.58 | $0.00 | $0.00 | $68,633.80 | $308.20 | $308.20 | A |
| A-THE SUBSCRIBER IS RESPONSIBLE FOR $54.38 COINSURANCE. (Z519) | | | | | | | | | |
| TOTAL | | | | CONTINUED | | | | | |

832196926
004 / 780



03501 9369917 007003 014005 000270002

FOR RELATED INQUIRES
PLEASE CALL OR WRITE:

HORIZON BCBSNJ
FEP PROFESSIONAL CUSTOMER SERVICE
P.O. BOX 656
NEWARK, NJ 07101-0656
1-800-624-5078

| PROVIDER NUMBER | TAX ID |
|---|---|
| 1023224020 | XXXXX0184 |
| REFERENCE NUMBER | PAYMENT DATE |
| 714009144 | 12/30/2016 |
| | EFT DATE |
| | 01/04/2017 |

## PROVIDER VOUCHER

| SERVICE DATES FROM/TO | PROCEDURE CODE / CVD/NCVD | TOTAL CHARGES | ALLOWED AMOUNT | OTHER INSURANCE DOLLARS | OTHER AMOUNTS NOT COVERED | SUBSCRIBER'S LIABILITY | APPROVED TO PAY | AMOUNT PAID | RSN CODE |
|---|---|---|---|---|---|---|---|---|---|
| SUBTOTALS: | | $309,520.00 | $3,504.89 | $0.00 | $0.00 | $307,083.04 | $2,456.96 | $2,456.96 | |
| TOTAL | | $309,520.00 | $3,504.89 | $0.00 | $0.00 | $307,083.04 | $2,456.96 | $2,456.96 | |

832195926
004 / 780

PROVIDER VOUCHER

## EXPLANATION OF VOUCHER INFORMATION

**SUBSCRIBER IDENTIFICATION/PATIENT'S NAME:** The contract number under which the claim was processed. The name of the patient for whom services were performed.

**CLAIM #:** The number assigned to a patient's claim.

**PATIENT ACCT/PRESCRIPTION #:** Your internal patient number. For Pharmacists, the number represents the Prescription Number.

**COLUMN 1 - SERVICE FROM AND TO DATES:** The first and last date of service reported for the patient's claim.

**COLUMN 2 - PROCEDURE CODE/CVD/NCVD:** Procedure code, identifies the reported code for the specific procedure administered. Covered day/noncovered day will show the total service days.

**COLUMN 3 - TOTAL CHARGES:** This column represents your billed amount for the service(s) administered.

**COLUMN 4 - ALLOWED AMOUNT:** The amount approved for payment prior to member liability.

**COLUMN 5 - OTHER INSURANCE DOLLARS:** The amount paid by other insurance, including Medicare.

**COLUMN 6** - This column will be titled either **PROVIDER'S LIABILITY** or **OTHER AMOUNTS NOT COVERED.**

When Titled **PROVIDER'S LIABILITY** this column will represent the amount of the provider's liability for the service performed.

When Titled **OTHER AMOUNTS NOT COVERED** this column will represent other amounts not covered for these services.

**COLUMN 7 - SUBSCRIBER'S LIABILITY:** This column indicates the amount of the patient's liability for the services performed.

**COLUMN 8 - APPROVED TO PAY AMOUNT:** This column identifies the amount approved for payment after taking into consideration the member's liability.

**COLUMN 9 - AMOUNT PAID:** The amount paid for the service(s) reported.

**COLUMN 10 - REASON CODE:** Codes are shown in this column which refer to specific messages below each claim. These messages clarify a payment situation or explain why you may be responsible for a service.

REMITTANCE ADVICE

Check/EFT # : 7140702827 Check Date : 7/11/2017 Check Amt : 3,383.78

Payer Address
NJ BCBS/HORIZON
3 PENN PLAZA
NEWARK, NJ 071010420

Payee Address
UNIVERSITY SPINE CENTER PC
STE 203
WAYNE, NJ 074703534 NPI # : 1023224029

| SERV DATE | | POS | Charge# | PD-PROC/MODS | | PD-NOS | BILLED | ALLOWED | DEDUCT | COINS | PROV PD |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | SUB-NOS | SUB-PROC | GRP/CARC | CARC-AMT | ADJ-QTY | |
| NAME: [redacted] FELIX | | | HIC: R57713264 | | | ACNT: 7506178V47046719 | | ICN: 26163444272400780 | | MOA: | |
| 103116 | 103116 | | 47046719 | 22612 | | 1 | 53,658.00 | 2,089.24 | 0.00 | 731.23 | 1,358.01 |
| | | | | | | | | PR-204 | 51508.76 | | |
| 103116 | 103116 | | 47046721 | 63047 | 22 | 1 | 82,881.00 | 1,466.14 | 0.00 | 513.14 | 953.00 |
| | | | | | | | | PR-204 | 81414.86 | | |
| 103116 | 103116 | | 47046723 | 22840 | | 1 | 26,016.00 | 1,021.79 | 0.00 | 357.62 | 664.17 |
| | | | | | | | | PR-204 | 24994.21 | | |
| 103116 | 103116 | | 47046725 | 69990 | | 1 | 6,480.00 | | 0.00 | 0.00 | 0.00 |
| N19 | | | | | | | | PR-97 | 6480 | | |
| PT RESP | 166,059. | | | | CLAIM TOTALS | | 9,035.00 | 4,577.17 | 0.00 | 1,601.99 | 2,975.18 |
| ADJ TO TOTALS: | | | INTEREST | 0.00 | | | LATE FILING CHARGE | | 0.00 | NET | 2,975.18 |

**CLAIM STATUS:** PROCESSED AS PRIMARY
CLAIM FORWARDED TO (1) :
CLAIM FORWARDED TO (2) :

# EXHIBIT E

CALLAGY LAW
Courageous · Compassionate · Committed

Mack-Cali Centre II
650 From Rd – Suite 565
Paramus, New Jersey 07652
Email: info@callagylaw.com
Web: callagylaw.com
Office: 201.261.1700
Fax: 201.261.1775

Sean R. Callagy+*

Partner
Michael J. Smikun+*
Benjamin D. Light+
David L. Aronmundo+*
Brian P. McCann+*
Christopher R. Cavalli+

JoAnne Baio LaGreca+*
Thomas LaGreca*
James Greenspan+*
Tamara E. Kotsev+*
Lynne Goldman+*
Christopher R. Miller+
Samuel S. Saltman+*
Michael Gottlieb+*
Robert J. Solomon+*
Casey L. Wertheim+*
Daniel C. Nowak+
Emily J. Harris+
Alejandro Perez//
Sarah N. Goldenthal+*

+Member of the New Jersey Bar
*Member of the New York Bar
^Member of the Connecticut Bar
//Member of the Arizona Bar

New York Office:
1133 Broadway
Suite 708
New York, NY 10010
(Reply to NJ Office)

Arizona Office:
668 North 44th St
Suite 300
Phoenix, AZ 85008
Office: 602.687.5844

May 4, 2017

<u>**Via Mail & Fascimile (973-274-2277)**</u>
Horizon
PO Box 10129
Appeals Department
Newark, NJ 07101-3129

RE: Provider: University Spine Center
Date of Service: 2016-10-31
Patient: Felix [redacted]
Claim #: 26163444294300/ 26163444401500/26163444479300

Dear Appeal Department Representative,

We represent the provider named above who has obtained an assignment of benefits from the patient named above as such this firm is the patient's authorized representative for purposes of the appeal requested below.

Kindly be advised that this firm, and more specifically the undersigned, represents University Spine Center in the above-referenced matter. Kindly accept this <u>**SECOND NOTICE OF APPEAL**</u>.
**We represent the provider named above who has obtained an assignment of benefits from the patient named above as such this firm is the patient's authorized representative for purposes of the appeal requested below.**

Attached hereto, please find the following documents that University Spine Center is relying upon in support of this appeal:

1. Health Insurance Claim Form ("HICF") for Felix ; and
2. Operative Report and relevant records for Felix [redacted]

The Health Insurance Claim Forms ("HICF") submitted by the provider to the claim payer and the Explanations of Benefits ("EOB") that that claim payer sends to the provider set forth the amounts billed and amounts paid in this case. The HICF is a single-sided, one page document which lists all of the medical services performed on a particular date or dates of service. The amount billed is seen side-by-side with the procedure or service that supports the charge. The EOB again provides the amount billed for procedure or service performed on a particular date of services. Additionally, the EOB provides the amount paid and, where applicable, codes that correspond to reasons for a disparity in the amount billed and the amount paid. Thus, these two documents are necessarily the starting point for establishing the particular provider's UCR rate in a particular case.

On behalf of University Spine Center, we have previously requested

that you provide documentation you believe supports your different determination of Usual and Customary Rates. Specifically, we requested that you provide the following documentation at the time of our First Appeal:

- The name, address and contact information of any other party of interest including but not limited to the Plan Administrator and named or un-named fiduciaries, Claims Administrator, Third-Party Administrator, additional Insurance Companies involved in the claims process, and any other entities involved in the claims process;
- A true and exact copy of the applicable Health Insurance Policy, Summary Plan Description, and Plan for the time period at issue;
- The Plan Name, Plan Sponsor (including its name and address for service of legal process); Plan Claim Appeal Procedure, including all deadlines for filing appeals;
- Complete Explanation of Benefits, or Adverse Benefit Determination;
- The specific reason(s) for your denial of the full amount of the claim submitted;
- Reference to the specific Plan provisions on which your determination was based;
- A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;
- The methodology by which you computed the Usual and Customary Rate, including copies of all specific rules, guidelines, protocols, or other similar criteria on which you relied in making this benefit determination;
- If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances;
- Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an in network service;
- Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an out of network service;
- The name of the publication, database, documentation, Medicare guidelines etc., of all documents and databases used in computing the Usual and Customary Rate, and copies of all such documents;
- Provide copies of any and all algorithm, formula, procedure or fee schedule used to derive the customary and reasonable reimbursement rate in this matter;
- Copies of any and all documentation, including but not limited to manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect or otherwise relate to the computation of reimbursement for the date of service in question.

To the extent this information has not been previously requested, we are hereby requesting it today. This request for documents is pursuant to United States Department of Labor regulations requiring Plans to make disclosure of its claims procedures. See 29 C.F.R. 2560.503-1. **The Plan is required to provide this requested documentation upon request and free of charge.**

This requested information is critical for us to analyze whether your determinations violate the Plan's fiduciary obligation to make benefit determinations in the interests of the Plan's beneficiaries. To date, you have not provided this documentation. As you are aware, the law requires you to provide this documentation based upon our previous request, and provides penalties to the Plan Administrator for failure to comply with this request. **If you do not turn over all of these requested documents, we will seek to enforce the applicable penalty provisions in a Court of competent jurisdiction. Furthermore, if you continue to refuse to disclose the basis and methodology of the Plan's benefit determination in this case, we will argue that your unsupported benefit determination is arbitrary and capricious, and/or that it violates the Plan's**

**fiduciary duty in the making of benefit determinations. If your refusal to provide this documentation leads to us filing a lawsuit, we will seek reimbursement of costs and fees, including reasonable attorney's fees as allowed by Section 502(g) of ERISA, in such action.**

For the foregoing reasons, University Spine Center respectfully requests that your initial adverse claim determination be modified and additional payment be issued without delay.

Very truly yours,
CALLAGY LAW, PC

Michael Gottlieb, Esq.

Encl.
MG/jc



*Arash Emami, M.D.*
*Ki Soo Hwang, M.D.*
*Kumar Sinha, M.D.*
*Michael Faloon, M.D.*
*Pamela D'Amato, M.D.*
*Michelle Bremer, N.P.*
*Spine Surgery and Spinal Deformities*

January 23, 2017

Horizon BCBSNJ
FEP Professional Customer Service
PO Box 656
Newark, NJ 07101-0656

Re: Felix [redacted]
ID#: R57713264
DOS: 10/31/2016
Claim#: 26163444401500
Provider: Ki Soo Hwang, MD

Dear Director of Claims:

We are in receipt of your payment for services rendered to the above referenced patient by Dr. Hwang. Dr.Hwang is a **non- participating provider** and therefore not under a contractual agreement to accept re-pricing of his fee without his written consent. Dr. Hwang did not agree to the reimbursement received.

The physician's fee was $71543.00 and the claim paid $1575.29. Your payment is inappropriate and unacceptable. The reimbursement does not cover the cost of the surgery to the physician or practice. The reimbursement is not reflective of spine surgery which requires a high level of skill has a high risk of neurological complications. Dr. Hwang's expertise and additional specialized training warrants a higher reimbursement. In addition, you are placing a **heavy financial burden on your member**. Therefore, we are requesting the claim be immediately reprocessed and priced for out of network provider based upon the billed charges.

If in the future you wish to negotiate an acceptable rate, please contact this office. Should your company not release additional benefits, please provide a written explanation, which justifies the reduction so that we may determine our next course of action and the member's liability.

Thank you for your anticipated cooperation and immediate attention to this matter. We would appreciate your written response to this reconsideration request be sent to the billing office address below.

Sincerely,

Linda Fiala
Appeals Specialist

*Reply to Billing Office:*
*Practicemate*
*1620 Route 22 Brewster, NY 10509*

*504 Valley Road, 3rd Fl*
*Wayne, NJ 07470*
*Tel: (973) 686-0700*
*Fax: (973) 686-0701*

*1135 Broad Street, 3rd Fl*
*Clifton, NJ 07013*
*Tel: (973) 686-0700*
*Fax: (973) 686-0701*

*51 Route 23 South*
*Riverdale, NJ 07457*
*Tel: (973) 686-0700*
*Fax: (973) 686-0701*

*65 Essex Street*
*Millburn, NJ 07041*
*Tel: (973) 686-0700*
*Fax: (973) 686-0701*

*95 University Place, 8th Fl*
*New York, NY 10003*
*Tel: (212) 604-1300*
*Fax: (973) 686-0701*



Arash Emami, M.D.
Ki Soo Hwang, M.D.
Kumar Sinha, M.D.
Michael Faloon, M.D.
Pamela D'Amato, M.D.
Michelle Brenner, N.P.
*Spine Surgery and Spinal Deformities*

January 12, 2017

Reply to Billing Office:
Practicemax
1620 Route 22, Brewster, NY 10509

Horizon BCBS of NJ
PO Box 656
Neptune, NJ 0744-0656

RE: Felix [redacted]
ID#: R57713264
Date of Service: 10/31/2016
Claim#: 78026163444272400
Provider: Ki Soo Hwang, MD

Director of Claims:

We are in receipt of payment for services rendered to the above referenced patient. This is an appeal for additional reimbursement for CPT 63047-22 82, Laminectomy, facetectomy and foraminotomy.

Dr. Hwang appended modifier 22 to the procedure due to the fact that the decompression was extremely difficult, more complicated and intricate than usually required due to the severity of the patient's condition. There was extensive spinal stenosis and herniated nucleus pulposus (HNP) in the same interspace. This procedure required a high level of skill in order to achieve a successful outcome as well as well as significantly increasing the surgical time. This information is clearly documented in the attached operative report. We request it be reviewed by a Board Certified Orthopedic Surgeon or Certified Professional Coder. In addition, we ask that you also consider that the maximum allowable reimbursement be adjusted based upon the level of difficulty and increased surgical time on a case-by-case basis.

Based on this information we request the claim be reprocessed for additional payment in consideration of modifier 22 for procedure code 63047. If you further deny additional payment please provide a written explanation citing the applicable policy language, which justified the reduction so that we may determine the patient's liability.

Thank you for your anticipated cooperation and prompt attention to this matter. For your convenience a copy of the claim is also attached. We would appreciate your written response be sent to the billing office address above.

Sincerely,

Linda Fiala
Appeals Specialist

| 504 Valley Road, 2nd Fl | 1135 Broad Street, 3rd Fl | 51 Route 23 South | 68 Essex Street | 95 University Place, 8th Fl |
|---|---|---|---|---|
| Wayne, NJ 07470 | Clifton, NJ 07013 | Riverdale, NJ 07457 | Millburn, NJ 07041 | New York, NY 10003 |
| Tel: (973) 686-0700 | Tel: (973) 686-0700 | Tel: (973) 686-0700 | Tel: (973) 686-0700 | Tel: (212) 604-1360 |
| Fax: (973) 686-0701 | Fax: (973) 686-0701 | Fax: (973) 686-0701 | Fax: (973) 686-0701 | Fax: (973) 686-0701 |



Submit to: Appeals Department
Horizon Blue Cross Blue Shield of NJ
P.O. Box 10129
Newark, NJ 07101-3129

**YOU MUST COMPLETE A SEPARATE APPLICATION FOR EACH CLAIM APPEALED**
**SIGNATURE MUST BE COMPLETE AND LEGIBLE. THIS FORM MUST BE DATED.**

**A. Provider Information**

1. Provider Name: KI SUP HWANG
2. TIN/NPI: 2040806164
3. Provider Group (if applicable): UNIVERSITY SPINE CENTER
4. Contact Name: LINDA FIALA
5. Title: APPEALS SPECIALIST
6. Contact Address: PRACTICEMAX 1620 ROUTE 22 BREWSTER NY 10509
7. Phone: 8452634853
8. Fax: 8452789022
9. Email: LINDA.FIALA@practicemax.com

**B. Patient Information**

1. Patient Name: FELIX [redacted]
2. Ins. ID: [redacted]
3. Did You Attach a copy of (check the appropriate response):
a. The assignment of benefits? [X] Yes [ ] No [ ] NA
b. The Consent to Representation in Appeals of Utilization Management Determinations and Authorization to Release of Medical Records for UM Appeal and Arbitration of Claims? (Consent form is required for review of medical records if the matter goes to arbitration.) [ ] Yes [X] No

**C. Claim Information**

1. Claim Number (If known): 7BU416344272401
2. Date of Service: 10/31/2016
3. Authorization Number:
4. Claim filing method (check only one):
a. [ ] electronic (submit a copy of the electronic acceptance report from Our clearinghouse or Us)
b. [ ] facsimile (submit a copy of the fax transmittal)
c. [X] paper claim by mail or courier service (submit a copy of the delivery confirmation evidence)
5. Check the reason(s) why you are filing this appeal (check all that apply and be specific about billing codes and reason for dispute):
a. [ ] Action has not been taken on this claim
b. [ ] Dispute of a denied claim → provide date of denial: ___/___/___
c. [ ] Claim was paid but not in a timely manner (provide more information):
[ ] Yes [ ] No Additional information was requested? If yes, date: ___/___/___
[ ] Yes [ ] No Additional information provided? If yes, date: ___/___/___
[ ] Yes [ ] No Prompt Payment Interest paid correctly?
d. [X] Claim was paid, but the amount paid is in dispute
e. [ ] Codes in dispute ___/___/___/___/___/___/___/
f. [ ] Dispute of an overpayment or the amount of overpayment (Attach a copy of overpayment request)
g. [ ] Dispute of carrier's offset amount against this claim (Attach a copy of A/R)

**D. Reason for Appeal (Required)**

SEE ATTACHED

DOBICAPPEAR 10/10

| Horizon. Horizon Blue Cross Blue Shield of New Jersey *Making Healthcare Work.* | Submit to: Appeals Department<br>Horizon Blue Cross Blue Shield of NJ<br>P.O. Box 10129<br>Newark, NJ 07101-3129 |
|---|---|

Provider Name: Ki Soo Hwang Contact Number:________

Member Name : Felix [redacted] DOS: 10/31/16

**You may provide additional information in an attachment to explain why you are disputing Our handling of the claim. You must be specific about billing codes and reason for dispute.**

**The following should be submitted with your appeal (copies only):**

- The relevant claim form
- The relevant Explanation(s) of Benefits or Remittance Advice
- A statement specifying the line items that you are appealing
- Copies of any overpayment requests or A/R notice
- Information We previously requested that you have not yet submitted, if available
- Itemization of the provider contract provisions you believe We are not complying with, including a copy of the pertinent section of your contract
- Pertinent correspondence between you and Us on this matter
- A description of pertinent communications between you and Us on this matter that were not in writing
- Relevant sections of the National Correct Coding Initiative (NCCI) or other coding support you relied upon IF the dispute concerns the disposition of billing codes
- Other documents you may believe support your position in this dispute (this may include medical records)

**Attachments:** ☒ Yes ☐ No

Signature:______________________________ Date: ___/___/___

## Important to Note

In order to ensure your Internal Payment Appeal is eligible to meet processing requirements for the External Binding Arbitration Program

- The Internal Appeal Form must be sent to the address posted on Our website;
- The Internal Appeal Form must have a complete signature (first and last name);
- The Internal Appeal Form Must be Dated;
- There is a signed and dated Consent to Representation in Appeals of UM Determinations and Authorization for release of Medical records in UM Appeals and Independent Arbitration of Claims Form